UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SUMMIT DNA, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15-mc-00127-K-BF |
| | ) | |
| PROOVE BIOSCIENCES, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN MESHKIN, | ) | |
| | ) | |
| Defendants. | ) | |
| PROOVE BIOSCIENCES, INC. | ) | |
| | ) | |
| Counterclaim-Plaintiff | ) | |
| And Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUMMIT DNA, L.L.C., | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEORGE POWELL, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**OBJECTION AND BRIEF IN SUPPORT OF OBJECTION TO ORDER**

Summit DNA, L.L.C. ("Summit"), through its counsel, objects to the Order granting

Non-Party Adam Fairbourne's Motion to Quash Subpoena Duces Tecum and for Protective

Order, and would state the following in support of such objection:

Though Summit does not oppose this Court's decision to quash the subpoena issued to Adam Fairbourne (the "subpoena"), it does oppose the Order filed by Mr. Fairbourne's counsel. Summit opposes the entry of the Order because the subpoena was withdrawn prior to the hearing on Mr. Fairbourne's Motion to Quash and because Summit should not have to pay attorney fees, as such an order is outside the powers available to the Court pursuant to Fed. R. Civ. P. 45 and counsel acted in good faith and in compliance with the law of the case. Alternatively, Summit opposes the amount of costs requested by Mr. Fairbourne's counsel, as the amount requested is unreasonable.

*Background*

The subpoena was served on Mr. Fairbourne on October 8, 2015. The compliance date set forth in the subpoena was November 16, 2015. On Sunday, November 15, 2015 (the day before compliance was required), Mr. Fairbourne filed his Motion to Quash through counsel. Summit and Summit's counsel are located in the Eastern Time Zone. By orders that were both transmitted to Mr. Fairbourne's counsel on November 16, 2015, at 4:17 pm CST (5:17 pm EST), the Court referred the Motion to Quash to Magistrate Judge Stickney (Dkt. 3) and set response dates and a hearing date (Dkt. 4), respectively. The notices were served by the Court's ECF system only upon personnel at Mr. Fairbourne's counsel's firm. (**Appen. A, Pages 1-4**). Mr. Fairbourne's counsel emailed Summit's counsel the notices at 6:08 pm CST and 6:12 pm CST, respectively (7:08 and 7:12 EST, respectively), well after the close of normal business hours and was not received until the next day. (**Appen. A, Pages 1, 3**). At which point, in order to oppose the Motion to Quash, Summit would have been required to obtain client approval to oppose, and then prepare and file an opposition in less than 48 hours' time. Counsel for Summit did not even

2

have CM/ECF login credentials (Summit's counsel still does not have such credentials) in order to file with the Court.

Though Summit did attempt to meet all of the above conditions necessary to oppose the Motion to Quash, it was unable to do so, and, without opposing the Motion to Quash, contacted Mr. Fairbourn's counsel and withdrew the subpoena, intending to render the Motion to Quash moot. (**Appen. B, Page 1**).

Now, after successfully arguing an unopposed Motion to Quash over a subpoena already withdrawn by the issuing party, counsel has submitted an affidavit requesting $8,906.00 in costs and attorneys' fees, stating that three lawyers took 29.5 hours to successfully quash the subpoena.

*Argument*

*(I)     Given the Applicable Facts, an Attorney Fee Award is Not Supported*

Mr. Fairbourn should not be awarded attorneys' fees, as provided in the Order. This is because the sanctions provision of Fed. R. Civ. P. 45 is not designed to impose attorney fees under the facts at bar. The attorneys' fee provision of Rule 45(1) is meant to prevent a party subpoenaed from incurring undue burden or expense:

> (1)     Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Here, upon receipt of Mr. Fairbourn's Motion to Quash and evaluating options, counsel withdrew the subpoena. There is no undue burden or expense suffered merely because a motion

to quash had been filed.  If attorneys' fees were mandatory – *i.e.*, to be awarded upon every

successful motion to quash –Rule 45 would so provide. However, the rule does not do so.

*(II)     The Award of Attorney Fees is Not Supported by the Law of the Case and Counsel Relied Upon the Limited Powers of the Compliance Court in the Context of Rule 45*

Under Rule 45, now that the subpoenas are issued from the court where the case is

pending, the compliance courts only have limited powers under the rule:

> (3) Quashing or Modifying a Subpoena.
>
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
>
> (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>
> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

> (ii) ensures that the subpoenaed person will be reasonably compensated.

The rule does not give the compliance court power to quash the subpoena for facial invalidity. Such an argument is reserved to the issuing court. Moreover, when the issuing court here dealt with the same issue, it refused to quash a subpoena. (**Appen. C, Pages 1-3**). Proove's counsel moved to quash a similar subpoena for the same reason and Magistrate Judge Gallagher of the United States District Court, District of Maryland, denied that motion.[1] At the very least, the fact that Judge Gallagher excused and allowed Mr. Toutant's signature on the subpoena directed to that third-party witness, should be indicative of the lack of bad faith or ill will supporting the sanction of attorneys' fees. In short, attorneys' fees are not indicated by the circumstances at bar.

*(III)   Alternatively, if the Court Awards Attorney Fees, the Amount Requested is Excessive*

Although it is Summit's position that attorney fees are not warranted, if the Court does award attorney fees, the amount requested by Mr. Fairbourn's counsel is unreasonable. First, the flat $300 hourly rate for the attorneys (who are of differing levels of experience) is unreasonably high. Using the consumer price index, the U.S. District Court for the Northern District of Texas (Dallas Division) found that a reasonable rate for an attorney in the Dallas-Fort Worth area to be $184.86. *Taylor v. Colvin*, No. 3:12-cv-2750-P-BN, 2014 WL 696494, at *2 (N.D. Tex. Feb. 21,

---

[1] In the case of the prior subpoena, Proove (Summit's opposing party in the case) filed an emergency motion to quash with respect to a similar third-party subpoena signed by Mr. Toutant based on the same facial invalidity argument. The recipient of the similar subpoena did not care about, or raise, the facial invalidity argument and was ready and willing to appear for deposition as commanded by the Subpoena, a fact that Summit believes was not lost on Judge Gallagher when she denied Proove's motion. Here, Mr. Fairbourn's counsel has used the same argument that Proove did, perhaps even borrowing it from Proove's motion. Although the record is not clear on this issue, Ms. Byrd's Affidavit states that she reviewed pleadings from the District of Maryland case and consulted with co-counsel, which we may be counsel for Proove, before filing the Motion to Quash, to the extent counsel obtained the argument from Proove's motion filed in the District of Maryland, nearly two weeks after Judge Gallagher issued her decision, which was also of record there, then we respectfully suggest that the argument was made to this Court without distinguishing Judge Gallagher's decision, which is the law of the case, and should have been addressed. In any event, this Court should consider Jugdge Gallagher's views on facial validity of subpoenas signed by *pro hac vice* counsel, a practice which is acceptable in the Northern District of Texas, before determining whether to sanction Summit.

2014). *See also Benton v. Astrue*, No. 3:12–cv–974–D, 2013 WL 818758, at *1 (N.D.Tex. Mar.

5, 2013) (granting motion for attorneys' fees under the Equal Access to Justice Act only to the

extent based on the CPI rate for Dallas–Fort Worth). Thus, the $300 hourly rate is unreasonable

and should be decreased to a CPI-based rate, if the court is inclined to award attorney fees.

Second, Ms. Byrd spent an unreasonable number of hours to prepare a straightforward

motion to quash, and included non-billable clerical tasks ("submit ECF filing with proposed

order; serve to all counsel of record"). Dkt. 6, p. 2. The Memorandum in Support of Mr.

Fairbourn's Motion to Quash contained only four pages of substantive text and cited only two

cases. *See* Dkt. 2. Yet, it is claimed that 15 hours was spent by Ms. Byrd alone. Mr. Meyer and

Mr. Oberheiden both charged for review/revision of Ms. Byrd's work and consultations with Ms.

Byrd. Dkt. 6, p. 2. These tasks are duplicative (Ms. Byrd also reviewed and revised her filings)

and are unreasonable. Moreover, Mr. Oberheiden also charged for his initial client consultation.

Dkt. 6, p. 2. This too is unreasonable, as it would have occurred even if a motion to quash had

not been filed. Thus, though Summit is opposed to an award of any attorney fees (for the reasons

set forth above), if the Court does award attorney fees, the amount requested by Mr. Fairbourn's

counsel is unreasonable.

Respectfully submitted,

/s/ Phillip B. Toutant

Phillip B. Toutant (admitted *pro hac vice*; D.Md. ID
No. 801769)
Counsel for Plaintiff
The Health Law Partners, P.C.
29566 Northwestern Hwy., Ste. 200
Southfield, MI 48034
(248) 996-8510/FAX -8525
ptoutant@thehlp.com

/s/ Joseph D. Edmondson, Jr.

Joseph D. Edmondson, Jr. (D.Md. Bar No. 09481)
Lauren Champaign (D.Md. Bar No. 18629)
Counsel for Plaintiff
Foley & Lardner LLP
3000 K Street, N.W., Ste. 600
Washington, DC 20007
(202) 672-5300/FAX: -5399
jedmondson@foley.com
lchampaign@foley.com
Direct: (202) 672-5354 (Edmondson)
        (202) 295-4791 (Champaign)


/s/ Michael L. Forman

Michael L. Forman, SBN 24010030
Email: mforman@brownpruitt.com
Adam D. Chilton, SBN 24092255
Email: achilton@brownpruitt.com
Local Counsel for Plaintiff
Brown Pruitt Wambsganss Ferrill & Dean, P.C.
600 N. Carroll Avenue, Suite 100
Southlake, Texas 76092
Telephone: 817-203-2000
Facsimile: 817-796-2799

4839-4117-2011, v. 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SUMMIT DNA, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-mc-00127-K-BF |
| ) | |
| PROOVE BIOSCIENCES, INC. ) | |
| ) | |
| and ) | |
| ) | |
| BRIAN MESHKIN, ) | |
| ) | |
| Defendants. ) | |
| ———————————————————) | |
| PROOVE BIOSCIENCES, INC. ) | |
| ) | |
| Counterclaim-Plaintiff ) | |
| And Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUMMIT DNA, L.L.C., ) | |
| ) | |
| Counterclaim-Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| GEORGE POWELL, ) | |
| ) | |
| Third-Party Defendant. ) | |

## **APPENDIX TO BRIEF IN SUPPORT OF OBJECTION TO ORDER**

| | |
|---|---|
| Appendix A | Emails From Non-Party Adam Fairbourne's Counsel to Summit DNA, L.L.C's Counsel |
| Appendix B | Emails From Summit DNA, L.L.C.'s Counsel to Non-Party Adam Fairbourne's Counsel |
| Appendix C | Letter to Counsel Dated October 30, 2015, *Summit DNA, L.L.C. v. Proove Biosciences, Inc.,* Civil Case Number WDQ-14-1329 |

# APPENDIX A

**Phil Toutant**

| | |
|---|---|
| **From:** | Lynette Byrd <lsb@federal-lawyer.com> |
| **Sent:** | Monday, November 16, 2015 7:08 PM |
| **To:** | Phil Toutant |
| **Cc:** | jedmondson@foleylaw.com; lchampaign@foley.com; jhickson@shb.com; mzito@shb.com; kchase@shb.com |
| **Subject:** | Fwd: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Referring Case to Magistrate Judge |

See below re: referral to Magistrate Judge.  I will separately forward the Magistrate Judge's Order setting hearing.

---------- Forwarded message ----------
From: <ecf_txnd@txnd.uscourts.gov>
Date: Mon, Nov 16, 2015 at 4:17 PM
Subject: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Referring Case to Magistrate Judge
To: Courtmail@txnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

### U.S. District Court

### Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered on 11/16/2015 at 4:17 PM CST and filed on 11/16/2015

| | |
|---|---|
| **Case Name:** | Summit DNA LLC v. Proove Biosciences Inc |
| **Case Number:** | 3:15-mc-00127-K-BF |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

1

**Docket Text:**
**ELECTRONIC ORDER REFERRING CASE to Magistrate Judge Paul D Stickney for hearing if necessary and determination. (Ordered by Judge Ed Kinkeade on 11/16/2015) (chmb)**

**3:15-mc-00127-K-BF Notice has been electronically mailed to:**

Nick Oberheiden  nick@federal-lawyer.com

Lynette S Byrd  lsb@federal-lawyer.com

Michael Charles Elliott  mce@federal-lawyer.com

**3:15-mc-00127-K-BF The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

--
**Lynette S. Byrd**
**THE OBERHEIDEN LAW GROUP, PLLC**
5710 LBJ Freeway, Suite 120
Dallas, Texas 75240
Telephone: (469) 955-3975
Fax: (972) 559-3365

The information contained in this e-mail message, including any attachments, is privileged and confidential information intended only for the use of the individual or entity named as addressee.  The review, dissemination, distribution, or copying of this communication by or to anyone other than the intended addressee is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.  Thank you for your cooperation.

## Phil Toutant

| | |
|---|---|
| **From:** | Lynette Byrd <lsb@federal-lawyer.com> |
| **Sent:** | Monday, November 16, 2015 7:12 PM |
| **To:** | Phil Toutant |
| **Cc:** | jedmondson@foleylaw.com; lchampaign@foley.com; jhickson@shb.com; mzito@shb.com; kchase@shb.com |
| **Subject:** | Fwd: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Setting Deadline/Hearing |
| **Attachments:** | Fairbourn – Order setting hearing.pdf |

Attached for your reference is a copy of the order (linked below) setting a hearing.

---------- Forwarded message ----------
From: <ecf_txnd@txnd.uscourts.gov>
Date: Mon, Nov 16, 2015 at 4:47 PM
Subject: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Setting Deadline/Hearing
To: Courtmail@txnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

### U.S. District Court

### Northern District of Texas

## Notice of Electronic Filing

The following transaction was entered on 11/16/2015 at 4:47 PM CST and filed on 11/16/2015
**Case Name:**      Summit DNA LLC v. Proove Biosciences Inc
**Case Number:**    3:15-mc-00127-K-BF
**Filer:**
**Document Number:** 4

**Docket Text:**
**ORDER: The production requested in the subpoena is STAYED until a hearing can be held on the matter. Therefore, the Court schedules a hearing on 11/19/2015 at 10:00 AM before Magistrate Judge Paul D Stickney re: [1] Motion to Quash Subpoena Duces Tecum and for Protective Order. Summit DNA, LLC, shall file a response no later than Wednesday, 11/18/2015. (See order for specifics) (Ordered by Magistrate Judge Paul D Stickney on 11/16/2015) (mcrd)**


**3:15-mc-00127-K-BF Notice has been electronically mailed to:**

Nick Oberheiden nick@federal-lawyer.com

Lynette S Byrd lsb@federal-lawyer.com

Michael Charles Elliott mce@federal-lawyer.com

**3:15-mc-00127-K-BF The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/16/2015] [FileNumber=8838726-0] [8b7a9f35d6d63c39f7a658b89ea8329d4c723ea5e8003e19b53388a0719bcf85f9 b9f73970fdb53f11bd148a3ca2e6d105baebc3a2c68b6ea6ab86c1f58df05b]]


--
**Lynette S. Byrd**
**THE OBERHEIDEN LAW GROUP, PLLC**
5710 LBJ Freeway, Suite 120
Dallas, Texas 75240
Telephone: (469) 955-3975
Fax: (972) 559-3365

The information contained in this e-mail message, including any attachments, is privileged and confidential information intended only for the use of the individual or entity named as addressee.  The review, dissemination, distribution, or copying of this communication by or to anyone other than the intended addressee is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.  Thank you for your cooperation.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF A SUBPOENA,** | § | |
| **DUCES TECUM ISSUED TO** | § | |
| **NON-PARTY ADAM FAIRBOURN** | § | |
| | § | **No. 3:15-MC-127-K** |
| | § | |
| | § | |

### ORDER

Before the Court is Non-Party Adam Fairbourn's Motion to Quash Subpoena Duces Tecum and for Protective Order [D.E. 1]. The production requested in the subpoena is **STAYED** until a hearing can be held on the matter.

Therefore, the Court schedules a hearing for this matter on **THURSDAY, NOVEMBER 19, 2015, at 10:00 A.M.**, in the United States Magistrate Judge's Courtroom, Room 1620, 1100 Commerce Street, Dallas, Texas. Summit DNA, LLC, through its counsel, shall file a response no later than **WEDNESDAY, NOVEMBER 18, 2015**. The Court will hear any reply by movant at the hearing.

The Court notes that an attorney admitted to practice in this Court pro hac vice is entitled to issue subpoenas under Federal Rule of Civil Procedure 45(a)(3).

**SO ORDERED**, this ⧸⧸ day of November, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# APPENDIX B

**Phil Toutant**

| | |
|---|---|
| **From:** | Phil Toutant |
| **Sent:** | Thursday, November 19, 2015 10:06 AM |
| **To:** | 'Lynette Byrd' |
| **Cc:** | jedmondson@foleylaw.com; lchampaign@foley.com |
| **Subject:** | RE: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Setting Deadline/Hearing |

Lynette,

After consultation with my client, we will withdraw the subpoena.

Thanks,

Phil Toutant



THE HEALTH LAW PARTNERS ✱

**Phillip B. Toutant, Esq.**
ATTORNEY & COUNSELOR
**ptoutant@thehlp.com**
------------------------------------
29566 Northwestern Hwy., Ste. 200
Southfield, MI 48034
**Phone** (248) 996-8510
**Cell** (313) 909-0877
**Fax** (248) 996-8525
www.thehlp.com

DETROIT – NEW YORK

✱ = The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in: (i) New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗
**Confidential**: This electronic message and all contents contain information from the HLP law firm which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling 248-996-8510, or emailing us at partners@thehlp.com, and destroy the original communication and all copies thereof.

**From:** Lynette Byrd [mailto:lsb@federal-lawyer.com]
**Sent:** Monday, November 16, 2015 7:12 PM
**To:** Phil Toutant
**Cc:** jedmondson@foleylaw.com; lchampaign@foley.com; jhickson@shb.com; mzito@shb.com; kchase@shb.com
**Subject:** Fwd: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Setting Deadline/Hearing

1

Attached for your reference is a copy of the order (linked below) setting a hearing.

---------- Forwarded message ----------
From: <ecf_txnd@txnd.uscourts.gov>
Date: Mon, Nov 16, 2015 at 4:47 PM
Subject: Activity in Case 3:15-mc-00127-K-BF Summit DNA LLC v. Proove Biosciences Inc Order Setting Deadline/Hearing
To: Courtmail@txnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**

**Northern District of Texas**

**Notice of Electronic Filing**

The following transaction was entered on 11/16/2015 at 4:47 PM CST and filed on 11/16/2015
**Case Name:**        Summit DNA LLC v. Proove Biosciences Inc
**Case Number:**      3:15-mc-00127-K-BF
**Filer:**
**Document Number:** 4

**Docket Text:**
**ORDER: The production requested in the subpoena is STAYED until a hearing can be held on the matter. Therefore, the Court schedules a hearing on 11/19/2015 at 10:00 AM before Magistrate Judge Paul D Stickney re: [1] Motion to Quash Subpoena Duces Tecum and for Protective Order. Summit DNA, LLC, shall file a response no later than Wednesday, 11/18/2015. (See order for specifics) (Ordered by Magistrate Judge Paul D Stickney on 11/16/2015) (mcrd)**

**3:15-mc-00127-K-BF Notice has been electronically mailed to:**

Nick Oberheiden nick@federal-lawyer.com

Lynette S Byrd lsb@federal-lawyer.com

Michael Charles Elliott mce@federal-lawyer.com

**3:15-mc-00127-K-BF The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/16/2015] [FileNumber=8838726-0] [8b7a9f35d6d63c39f7a658b89ea8329d4c723ea5e8003e19b53388a0719bcf85f9 b9f73970fdb53f11bd148a3ca2e6d105baebc3a2c68b6ea6ab86c1f58df05b]]

--
**Lynette S. Byrd**
**THE OBERHEIDEN LAW GROUP, PLLC**
5710 LBJ Freeway, Suite 120
Dallas, Texas 75240
Telephone: (469) 955-3975
Fax: (972) 559-3365

The information contained in this e-mail message, including any attachments, is privileged and confidential information intended only for the use of the individual or entity named as addressee. The review, dissemination, distribution, or copying of this communication by or to anyone other than the intended addressee is strictly prohibited. If you have received this communication in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message. Thank you for your cooperation.

# APPENDIX C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 30, 2015

LETTER TO COUNSEL

RE:    *Summit DNA, LLC v. Proove Biosciences, Inc.*
       Civil Case No. WDQ-14-1329

Dear Counsel:

Pending before the Court is Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Proove Biosciences, Inc.'s ("Proove"), and Defendant Brian Meshkin's ("Meshkin") Emergency Motion to Quash Subpoena, or, in the Alternative, for Protective Order or Stay of Deposition of Proove's former employee Bruce Gardner. *See* [ECF No. 47]. Following Judge Quarles's referral of this case to me for resolution of this motion, *see* Fed. R. Civ. P. 72(a), I reviewed Proove's and Meshkin's motion, and Plaintiff and Counterclaim-Defendant Summit DNA, LLC's ("Summit") and Third-Party Defendant George Powell's ("Powell") Opposition thereto. *See* [ECF No. 51]. I convened a conference call with counsel for all parties on October 30, 2015, during which counsel clarified their arguments with respect to the instant motion. This letter memorializes the findings of that phone call. For the reasons discussed herein, Proove's and Meshkin's (hereinafter, "Proove") motion will be DENIED.

**I.    Background**

Proove's motion arises from a notice of deposition received by their counsel on October 14, 2015. The notice informed counsel for Proove that Summit and Powell (hereinafter "Summit") intended to depose Bruce Gardner, Proove's former Vice President of Sales and Marketing, on November 2, 2015. *See* Defs.' Mot. to Quash 5; *id.* at Ex. A, B; Pl.'s Opp. to Defs.' Mot. to Quash Ex. 1. Mr. Gardner's employment with Proove terminated approximately one month ago, and Mr. Gardner is not a party to this case. Defs.' Mot. to Quash 5. Despite having had notice of Mr. Gardner's deposition, and of the contents of the subpoena ordering it, for over two weeks, Proove waited until the evening of October 29, less than two business days before the deposition is to take place, to file an emergency motion to quash the subpoena or for a protective order and stay of the deposition. Proove argues that the subpoena ordering Mr. Gardner to appear at the deposition in California should be quashed on the basis that, having only been signed by Mr. Philip Touton, *pro hac vice* counsel for Summit and Powell, the subpoena was defective under this Court's Local Rule 101.1. Alternatively, Proove argues that this Court should issue a separate protective order specifically related to Mr. Gardner's subpoena, and should stay his deposition.

*Summit DNA, LLC v. Proove Biosciences, Inc.*
Civil Case No. WDQ-14-1329
October 30, 2015
Page 2

## II.    Discussion

Proove first argues that Mr. Gardner's subpoena should be quashed because Mr. Touton, who appears *pro hac vice* in this case, was the only signatory to the subpoena. This is improper, Proove asserts, because Local Rule 101.1(b)(i) mandates that parties represented by counsel appearing *pro hac vice* must also be "represented by an attorney who has been formally admitted to the Bar of this Court *who shall sign all documents* and . . . be present at any court proceedings." Loc. R. 101.1(b)(i) (D. Md. 2014) (emphasis added). Proove contends that Mr. Gardner's subpoena is a "document" for the purposes of Local Rule 101, and that, therefore, the subpoena being signed solely by Mr. Touton, and not, additionally, by local counsel, renders the subpoena defective as a matter of "black letter law." Defs.' Mot. to Quash 3. In opposition, Summit argues that Proove has no standing to contest Mr. Touton's signature on the subpoena, since a party may only challenge a subpoena issued to a third party if the original party can show a "personal right or privilege in the information sought by the subpoena," which Summit asserts that Proove cannot. *U.S. v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005). In the alternative, Summit argues that it believes in good faith that "it is not clear that the reference to the term "documents" in [Local Rule 101.1(b)(i)] was intended to apply to third-party subpoenas," but, rather, that the term only covers those documents that are filed with the Court. Pl.'s. Opp. 4.

Neither this Court nor the Fourth Circuit have determined whether the "documents" noted in Local Rule 101.1(b)(i) refer only to documents filed with the Court, or whether that Rule encompasses all documents in a given case. I decline to parse the definition in this case because of the urgent need for resolution of the pending motion. I further decline to quash Mr. Gardner's subpoena on technical grounds. While a motion to quash is not a dispositive motion, the Fourth Circuit has made clear its policy to favor the resolution of cases "on their merits instead of disposing of them on technicalities." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007). As such, Proove's technical basis for quashing Mr. Gardner's subpoena is not salient.

Proove next argues that, even if the Court refuses to grant its motion to quash, Mr. Gardner's deposition should be made the subject of a separate protective order, and briefly stayed. Defs.' Mot. to Quash 6. According to Proove, the stipulated protective order already in place does not cover Mr. Gardner's deposition because Mr. Gardner is "neither a party to that protective order nor any other protective order." *Id.* at 5. This argument, too, is unpersuasive. Per the parties' Stipulated Confidentiality/Protective Order, [ECF No. 46], a party to the case may unilaterally designate the contents of a deposition as "Confidential" and thereby subject to the protections of the Confidentiality Order. Counsel for Proove is entitled to attend Mr. Gardner's deposition, to cross-examine him, and to denote any information that he shares and that Proove believes is confidential as such. Moreover, whether Mr. Gardner is a party to the case or to the parties' existing protective order is irrelevant. Protective orders protect information, not particular persons. *See Minter v. Wells Fargo Bank, N.A.*, 675 F. Supp. 2d 591 (D. Md. 2009) ("[T]he protective order already in this place is adequate to protect any confidential information produced [by a third party's documents]."). Because the information disclosed in this action, including that revealed by third parties in depositions or in document

*Summit DNA, LLC v. Proove Biosciences, Inc.*
Civil Case No. WDQ-14-1329
October 30, 2015
Page 3

production, is currently subject to a protective order, there is no need to order additional protection for Mr. Gardner's deposition.

I am similarly unconvinced by Proove's argument that Mr. Gardner's deposition should be stayed. This Court has held that several factors, such as whether pending rulings will be delayed by staying discovery, whether the non-moving party will be prejudiced by the stay, the scope and length of the requested stay, and the likely harm or injury caused by the deposition, are relevant in considering motions to stay. *See In re Mut. Funds Inv. Litig.*, No. 04-MD-15862, 2011 WL 38919608, at *1 (D. Md. Aug. 25, 2011). Here, the factors ultimately weigh in favor of a denial of the pending motion. The discovery deadline in the instant case is November 25, 2015; twenty-seven days from today's date. This fact belies Proove's contention that "[d]iscovery is still in its early stages." Moreover, as discussed above, the protective order in place is sufficient to allow Proove to ensure that any confidential information Mr. Gardner may discuss at his deposition will remain confidential.

Finally, both parties devote considerable space to arguments regarding the propriety of Mr. Touton's representation of Summit, and whether, specifically, his simultaneous representation of Dr. Daniel Schwarz and Summit disqualifies him from this case. *See* Defs.' Mot. to Quash 6-9; Pl.'s Opp. 11-13. I decline to address this issue, as it should be properly asserted in a separate motion to disqualify. Disqualification, particularly at the behest of opposing counsel, "requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992). The pending motion concerns only the quashing or staying of Mr. Gardner's deposition. Mr. Touton's potential disqualification is a distinct matter that is left to Judge Quarles's resolution if it should arise in a separate motion.

### III.   Conclusion

For the aforementioned reasons, Proove's Motion to Quash Subpoena, or in the Alternative, for Protective Order or Stay of Deposition of Former Proove Employee Bruce Gardner, is DENIED.

Despite the informal nature of this letter, it is an Order of the Court and will be flagged as an Opinion.

*Summit DNA, LLC v. Proove Biosciences, Inc.*
Civil Case No. WDQ-14-1329
October 30, 2015
Page 4

                                        Sincerely yours,

                                               /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge

    cc:  Judge William D. Quarles