**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN THE MATTER OF A SUBPOENA § | |
| DUCES TECUM ISSUED TO § | No. 3:15-MC-127-K |
| NON-PARTY ADAM FAIRBOURN, § | |
|    Movant. § | |

## ORDER

The District Court referred this case to the United States Magistrate Judge for determination. *See* Electronic Order Referring Mot. [D.E. 3]. On November 15, 2015, Non-Party Adam Fairbourn ("Movant") filed his Motion to Quash Subpoena Duces Tecum and for Protective Order [D.E. 1] ("Motion to Quash") seeking to quash a subpoena issued by Summit DNA, LLC ("Summit") in connection with a lawsuit pending in the United States District Court for the District of Maryland, *Summit DNA, LLC v. Proove Biosciences, Inc.*, No. 1:14-CV-1329. *See* Br. [D.E. 2 at 1]. On November 16, 2015, the Court set a hearing for the Motion to Quash on November 19, 2015 and ordered Summit to file a response by November 18, 2015. *See* Order [D.E. 4].

The Court granted Movant's Motion to Quash and awarded his request for attorneys' fees given Summit's failure to file a response or attend the hearing. *See* Order [D.E. 7]. On December 7, 2015, Movant filed his Motion to Enforce Award of Attorneys' Fees ("Motion to Enforce") seeking an order directing Summit to pay the attorneys' fees ordered by this Court. *See* Mot. [D.E. 8]. On that same day, Summit filed its Objection arguing that attorneys' fees should not be awarded, because Summit withdrew its subpoena prior to the hearing. *See* Objection [D.E. 10 at 2]. However, the e-mail Summit submits in support of its Objection shows that its counsel e-mailed Movant's counsel regarding the withdrawal at 10:06 a.m. on November 19, 2015, when the hearing was set for 10:00 a.m. that day. *See* Ex. B. [D.E. 10 at 16]; Order [D.E. 4].

Due to Summit's delay in communicating with Movant's counsel, Movant unnecessarily incurred attorney fees in connection with the Motion to Quash. While Summit contends that it had less than 48 hours from the time it received notice of the Court's November 16, 2015 Order to obtain client approval and file an opposition to the Motion to Quash, Summit could have filed a motion for extension of time within the 48 hours or could have attended the hearing in person or sought to attend the hearing by telephone to explain the delays it experienced in attempting to comply with the Court's Order. *See* Objection [D.E. 10 at 2]. Summit does not contend in its Objection that it attempted to contact the Court at all before the November 19, 2015 hearing to obtain an extension of time to file the response or a continuance of the hearing. Rather, it appears that Summit chose not to attend the hearing or file a response while aware of the deadlines set by the Court's November 16, 2015 Order. Further, Summit now attempts to raise arguments in its Objection that should have been raised in the previously ordered response that it failed to file. Summit's delay in communicating its withdrawal to Movant, in conjunction with Summit's failure to attend the hearing and file a response or a motion for extension of time caused undue burden or expense and warrants the award of the fees sought. **Therefore, Movant's Motion to Enforce [D.E. 8] is GRANTED. Summit is ordered to deliver $8,906.00 to Movant's counsel by December 21, 2015.**

    **SO ORDERED,** December 10, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE